```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

DONNIE HOKE and CATHY HOKE,

    Plaintiffs,

v.                                    CIVIL ACTION NO. 1:20-00065

USDA RURAL DEVELOPMENT RURAL HOUSING SERVICES,
THE COUNTY COMMISSION OF MONROE COUNTY, WEST VIRGINIA
JEFFRY A. PRITT, ESQUIRE, AND PRITT LAW FIRM, PLLC.,
MATTHEW LEE MINES, and
THE ESTATES OF EDGAR AND MAE MINES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are the United States' motion to dismiss from this civil action defendant USDA Rural Development Rural Housing Services ("RHS"), and to substitute the United States of America ("United States") as the proper defendant, (ECF No. 3); plaintiffs' motion resisting removal of this action from state court to federal court, (ECF No. 11); and the United States' motion to dismiss defendant USDA Rural Development Rural Housing Services ("RHS") from this case for lack of subject matter jurisdiction.  (ECF No. 5.)

For the following reasons, the United States' motion to dismiss RHS and to substitute the United States as the proper defendant, (ECF No. 3), is **GRANTED**; plaintiffs' motion resisting removal, (ECF No. 11), is **DENIED**; and the United States' motion to dismiss for lack of subject matter jurisdiction, (ECF No. 5),

is **GRANTED**.  The court also, sua sponte, finds that upon dismissal of the United States[1] from this action, the court lacks jurisdiction over this case, and **REMANDS** the remaining claims in this case to the Circuit Court of Monroe County in the State of West Virginia.

I.   <u>United States' Motion to Substitute</u>

Plaintiffs filed this lawsuit seeking damages due to alleged negligence by RHS.  RHS is a division of the United States Department of Agriculture and therefore, it is an agency of the United States.  (ECF No. 1, Ex. 2.)  The Amended Complaint, (ECF No. 1, Ex. 3 at pp. 258-263), did not state which statute plaintiffs were suing RHS under; the Amended Complaint merely asserts RHS's negligence in failing to properly record its deed of trust as to the property at issue.  (<u>See id.</u>) This court finds that such a negligence claim against an agency of the United States is properly brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA").  <u>See, e.g.</u>, 28 U.S.C. § 2672 (scope of FTCA involves "any claim for money damages against the United States for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment").

---

[1] Also referred to as defendant RHS, prior to the substitution granted in this Order.

Pursuant to the FTCA, the exclusive remedy, if any, in FTCA claims is not against the agency, but against the United States of America:

> The remedy against the United States provided by [the FTCA] for injury or loss of property . . . resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.  Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1).

That statute further provides that:

> Upon certification by the Attorney General that a defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).

The United States Attorney for the Southern District of West Virginia has certified that RHS and its employees were acting within the scope of federal employment at all times relevant to the allegations of the complaint.  (ECF No. 1, Ex. 2.)  The United States Attorney's scope certificate serves as prima facie evidence that RHS and its employees were acting

3

within the scope of their employment with the United States. Williams v. Sabo, 2012 WL 1432447, *2-3 (W.D.N.C. Apr. 25, 2012) (citing Gutierrez de Martinez v. Drug Enforcement Admin., 111 F.3d 1148, 1153 (4th Cir. 1997)).  If the certification is not contested by the plaintiff, the district court "shall" substitute the United States as party defendant under 28 U.S.C. § 2679(d)(1).  Id. at *2-5; Wilson v. Jones, 902 F. Supp. 673, 679 (E.D. Va. 1995) (citing Brown v. Armstrong, 949 F.2d 1007, 1012 (8th Cir. 1991) ("[T]he Attorney General's certification, although subject to judicial review, is prima facie evidence that the employee's challenged conduct was within the scope of employ.").

Here, plaintiff has not contested the United States' certification, and therefore this court hereby **GRANTS** the motion.  The Clerk is **ORDERED** to dismiss defendant USDA Rural Development Rural Housing Services ("RHS"), and to substitute the United States of America as the proper defendant in place of RHS.

II.  **Plaintiff's Motion Resisting Removal**

Plaintiffs filed this lawsuit in the Circuit Court of Monroe County in the State of West Virginia seeking damages due to alleged negligence by several defendants, including defendant RHS.  Plaintiffs filed a "Motion Resisting Removal", (ECF No. 11), which the court construes as a motion to remand.

Plaintiffs argue that removal is improper because their suit did not include claims under the FTCA.  The court rejects plaintiffs' argument.  As previously explained, this court found that plaintiffs' negligence claims against RHS - a division of the United States Department of Agriculture and therefore an agency of the United States - are properly brought under the FTCA.  See, e.g., 28 U.S.C. § 2672 (scope of FTCA involves "any claim for money damages against the United States for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment").

The United States filed a notice of removal to this court pursuant to 28 U.S.C. 1442(a)(1), which states that any civil action filed in a State court against the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" "may be removed."  28 U.S.C. 1442(a)(1).  As such, removal was valid.[2]  Therefore, plaintiffs' motion resisting removal by the United States is hereby **DENIED.**

---

[2] No other party joined the Notice of Removal.  Normally, all defendants must join in the Notice of Removal – this is known as the "rule of unanimity."  See 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").  However, unanimity

5

III. **United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction**

As twice previously explained, this court has found that plaintiffs' negligence claims against RHS - a division of the United States Department of Agriculture and therefore an agency of the United States - are properly brought under the FTCA. As expressly stated in the FTCA's text,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail*.

28 U.S.C. § 2675(a) (emphasis added). The presentation of an administrative claim is a jurisdictional requirement and cannot be waived. Muth v. United States, 1 F.3d 246, 249 (4th Cir. 1993). The Supreme Court has made it clear that the failure of a plaintiff to exhaust his or her administrative remedies prior to filing a lawsuit requires dismissal of the lawsuit. McNeil

---

is not required under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). See, e.g., Casey v. F.D.I.C., 583 F.3d 586, 591 (8th Cir. 2009) ("the rule of unanimity does not limit [a government agency's] unilateral power of removal"); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253 (9th Cir. 2006) ("a federal officer or agency defendant can unilaterally remove a case under section 1442"); Mays v. City of Flint, 324 F. Supp. 3d 918, 921 n.1 (E.D. Mich. 2016), aff'd sub nom. Mays v. City of Flint, Mich., 871 F.3d 437 (6th Cir. 2017).

v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

Here, plaintiffs failed to present an administrative tort claim to RHS prior to filing this civil action. Therefore, this court lacks subject matter jurisdiction over plaintiffs' claims against the United States because plaintiffs failed to exhaust their administrative remedies under the FTCA. The court also finds that there was no basis for jurisdiction over the United States in the state court prior to removal, and thus this court lacks subject matter jurisdiction under the derivative jurisdiction doctrine. For these reasons, the United States' motion to dismiss defendant United States from this suit for lack of subject matter jurisdiction, (ECF No. 5), is hereby **GRANTED**. Defendant United States is dismissed with prejudice from this action.

**IV. Reasons for Remand**

Upon review of the record and the pleadings following dismissal with prejudice of defendant United States, the court hereby finds that it now lacks subject matter jurisdiction to hear the remaining claims in this case. Once the United States was dismissed, the court's basis for federal jurisdiction under 28 U.S.C. § 1442(a)(1) no longer existed. "If at any time before final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995), the Fourth Circuit explained that district courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." The court declines to exercise such discretion here. Regarding courts' supplemental jurisdiction, a "district court[] may decline to exercise supplemental jurisdiction over a claim under subsection (a) if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367. Here, the court finds that it has dismissed all claims over which it had original jurisdiction, and that the remaining claims are better suited to resolution in state court. Therefore, the court hereby **REMANDS** the remaining claims in this action to the Circuit Court of Monroe County in the State of West Virginia.

V. Conclusion

For the foregoing reasons, the United States' motion to dismiss RHS and to substitute the United States as the proper

8

defendant, (ECF No. 3), is **GRANTED**; plaintiffs' motion resisting removal, (ECF No. 11), is **DENIED**; and the United States' motion to dismiss for lack of subject matter jurisdiction, (ECF No. 5), is **GRANTED**.  The court also, sua sponte, finds that upon dismissal of the United States[3] from this action, the court lacks jurisdiction over this case, and **REMANDS** the remaining claims in this case to the Circuit Court of Monroe County in the State of West Virginia.

    Pursuant to 28 U.S.C. § 1447(c), the Clerk is **ORDERED** to mail a certified copy of this order of remand to the clerk of the Circuit Court of Monroe County.  The Circuit Court of Monroe County may thereupon proceed with the remaining claims in this case.

    The Clerk is also directed to send a copy of this Order to counsel of record.

    It is SO ORDERED this 28th day of August, 2020.

                                      ENTER:

                                      David A. Faber
                                      Senior United States District Judge

---

[3] Also referred to as defendant RHS, prior to the substitution granted in this Order.